United States District Court
for the
Southern District of Florida

| | |
|---|---|
| L.H., Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-22894-Civ-Scola |
| | ) |
| Marriott International, Inc. and | ) |
| others, Defendants. | ) |

### Order Overruling Objections

In this case, Plaintiff L.H. alleges she was trafficked for commercial sex for over a decade, beginning when she was fifteen-years old. (2nd Am. Compl. ("Compl."), ECF No. 37.) She maintains that Defendants Marriott International, Inc.; Hilton Worldwide Holdings, Inc.; Hilton Domestic Operating Company Inc.; G6 Hospitality, LLC[1] (collectively the "Defendant Hotels"); and craigslist, Inc., should be held responsible, under the Trafficking Victims Protection Reauthorization Act, for their role in her exploitation and brutalization. (*Id.*) The parties do not appear to dispute that, based on the sensitive nature of the subject matter underlying L.H.'s allegations, certain protections regarding the litigation of this case are warranted. To that end, the parties have agreed that the Plaintiff may proceed pseudonymously as "L.H." or "Plaintiff." (*See, e.g.*, Prot. Order, ECF No. 98, 2 (Goodman, Mag. J.).) They have also agreed to various other protections, which were set forth in a protective order entered by United States Magistrate Judge Jonathan Goodman. (*Id.*) The parties disagree, however, as to one of the provisions in that order, relating to the Defendants' ability to reveal L.H.'s actual name and other identifying data to L.H.'s traffickers. After a hearing and allowing the parties to submit competing authorities, detailing how other courts have addressed similar issues, Judge Goodman entered two orders, both setting out a procedure the Defendants would have to follow before identifying L.H. to her traffickers. (*Id.* at 5–6, III(f); J. Goodman's Order on Procedures, ECF No. 95.) The Defendants have now filed objections (Defs.' Objs., ECF No. 102, 1) to that pre-clearance procedure order, to which L.H. has responded (Pl.'s Resp.).[2]

---

[1] G6 joined the objections (ECF No. 103).

[2] The Defendants have also sought leave to reply. (Def.'s Mot. for Leave, ECF No. 108.) The Court has considered the proposed reply, attached to that motion, and does not find that it changes the Court's analysis of the Defendants' objections. The Court, therefore, denies the Defendants' motion (ECF No. 108) as moot.

When a magistrate judge rules on a non-dispositive, pretrial discovery matter, as Judge Goodman did here, parties may object to that ruling and seek review from the district judge under Federal Rule of Civil Procedure 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). "The mere fact that a reviewing [c]ourt might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue." *Pendlebury et al. v. Starbucks Coffee Co.*, No. 04-80521, 2007 WL 4592267, at *2–3 (S.D. Fla. Dec. 28, 2007) (Marra, J.). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *SEC v. Kramer*, 778 F. Supp. 2d 1320, 1326–27 (M.D. Fla. 2011) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000). This standard of review is "extremely deferential." *Tolz v. Geico Gen. Ins. Co.*, No. 08–80663, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010) (Marra, J.).

Judge Goodman, "[h]aving balanced the interest in Plaintiff's safety and Defendants' right to investigate and prepare their case," determined "some level of protection is necessary." (Order on Procedures at 3.) To that end, he provided that, while the Defendants are permitted to contact L.H.'s traffickers or their known associates, they do not have the unfettered right to reveal any information that would identify L.H. to those traffickers or their associates. (Prot. Order at III(f).) Instead, the order requires defense counsel, at least fourteen days before revealing such personal information, to meet and confer with L.H.'s counsel. (*Id.*) Then, if the parties are unable to agree as to the appropriateness of the revelation, counsel may, within seven days, file a motion seeking the Court's intervention. (*Id.*) As provided in the order, the Defendants are prohibited from including any personally revealing information in that motion and can only "list . . . the reasons why Defendants believe it is necessary to reveal Plaintiff's True Identity to Plaintiff's alleged trafficker(s) or Plaintiff's traffickers' known associates." (*Id.*)

The Defendants object to this procedure, arguing that requiring an advance meet and confer forces them to "share privileged strategy and work product with Plaintiff's counsel to ascertain whether Plaintiff opposes the request." (Defs.' Objs. at 2.) The Defendants also complain that the procedure "may operate" to prevent them from disclosing L.H.'s identity to "central fact witnesses and from meaningfully investigating Plaintiff's claims," thus violating

the Defendants' "due process right to develop and present their respective defenses." (*Id.* at 4.)

The Court has carefully reviewed the Defendants' objections, the record upon which they are based, and Judge Goodman's orders. After this review, the Court does not find any part of the objected to provision to be either clearly erroneous or contrary to law. Instead, the Court finds the Defendants' concerns vague and conjectural. The procedure itself does not require the Defendants to reveal any privileged attorney work product. Instead, it merely requires a meet and conferral prior to any revelation: the order does not dictate what information the Defendants must impart to Plaintiff's counsel. Presumably the Defendants can provide a description of the intended revelation without actually exposing their work product—certainly the Defendants have not convinced the Court that this is impossible. But, if Plaintiff's counsel find the presentation lacking, for whatever reason, and decline to agree, the Defendants are then free, in any event, to seek Court intervention. And, if Defense counsel believe they need to divulge what they consider privileged information to proceed, they can seek in camera or ex parte relief at that time. But, on this record, the Court finds the Defendants' supposition—that they are being forced "to provide Plaintiff with a roadmap of their legal strategy and planned defense"—unfounded and overblown.

To be clear, though, the Court agrees with the Defendants that, based on L.H.'s allegations, to adequately investigate the claims against them, they must be permitted to investigate the traffickers—with whom each Defendant is alleged to have interacted. (*See* Defs.' Objs. at 10.) L.H.'s view to the contrary— that her traffickers "are not key witnesses . . . in this case," with their testimony having "little to no probative values as to [L.H.'s] claims," appears misplaced. (Pls.' Resp. at 4.) Allegations tying the traffickers' activity to the Defendants' alleged liability permeate L.H.'s complaint. It seems to defy logic, then, that, as L.H. proffers, the traffickers' testimony will have "no bearing" whatsoever on whether the Defendants knowingly benefitted from their involvement with the traffickers. (*Id.*)

Indeed, the Court has no current quarrel with the Defendants' presentation that "craigslist must be allowed to investigate whether the alleged traffickers misused the craigslist website to advertise Plaintiff, and if so, the dates during which they misused it, their understanding of craigslist's Terms of Use, and whether their testimony corroborates or contradicts the allegations in [the] Complaint." (*Id.*) Nor does the Court, without more, take issue with the Hotel Defendants' position that they "must be allowed to investigate Plaintiff's alleged stays at each of the . . . properties at issue, including dates and length of those stays, and any interactions Plaintiff or her trafficker(s) had with hotel staff over the course of the stays." (*Id.*) But the Court finds nothing in the procedure

outlined in the protective order that categorically "prevents Defendants from pursuing these inquiries in discovery" as the Defendants claim. (*Id.* at 11.)

Finding no clear error, then, the Court **overrules** the Defendants' objections (**ECF No. 102**) and, because the Court has considered the arguments raised in their proposed reply, **denies** the Defendants' motion for leave to file a reply **as moot** (**ECF No. 108**).

**Done and ordered** in Miami, Florida, on March 31, 2022.

_____
Robert N. Scola, Jr.
United States District Judge